# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE: KINSLEY H.

### Appeal from the Juvenile Court for Tipton County
### No. 09JV224      William A. Peeler, Judge

---

### No. W2014-00276-COA-R3-JV - Filed March 4, 2015

---

The order appealed is not a final judgment and therefore, the Court lacks jurisdiction to hear this matter.  Consequently, this appeal is hereby dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J., W.S., AND KENNY W. ARMSTRONG, J.

George Douglas Norton, Jr., Selmer, Tennessee, for the appellant, Denessa McCullar.

Robert Linley Richter, Jr.  And  Ryan Christopher Smith, Memphis, Tennessee, for the appellees, Charles Todd Hart.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the request of Appellee Charles Todd Hart for an award of attorney fees, as set forth in the "Motion to Strike Petition to Transfer Jurisdiction or for Review of the Request to Transfer Jurisdiction" filed in the trial court on August 27, 2013.

Thus, by Order entered on January 27, 2015, the Court directed Appellant Denessa McCullar to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of January 27, 2015 also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On January 27, 2015, the Clerk of this Court transmitted a copy of our Order to Appellant by certified mail, return receipt requested. The return receipt indicates that Appellant's counsel received the mail parcel on January 29, 2015. As of this date, however, there is nothing before the Court indicating that Appellant has obtained entry of a final judgment and Appellant has not otherwise responded to our Order.

Because it does not appear that all the claims have been adjudicated, this Court could only have jurisdiction to hear this matter if permission to appeal has been granted or if the order appealed has been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The record does not reflect, however, that permission to appeal has been granted or that the order appealed was made final pursuant to Rule 54.02. Clearly, the order appealed is not a final judgment. Consequently, the Court must dismiss this appeal for lack of jurisdiction.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Denessa McCullar, and the surety, for which execution may issue, if necessary.

**PER CURIAM**